# Richmond

HAZEL LINTON v. COMMONWEALTH OF VIRGINIA.

June 18, 1951.

Record No. 3829.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*John A. MacKenzie* and *R. Winston Bain,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Frederick T. Gray, Assistant Attorney General,* for the Commonwealth.

MILLER, J., delivered the opinion of the court.

At the November term, 1948, of the Circuit Court of Norfolk county, Hazel Linton was indicted for perjury. She was an indigent person and the court appointed two capable members of the local bar as her counsel. (Secs. 19-167 and 19-214.1, Code, 1950.)

Upon her arraignment, on November 30, 1948, she pleaded guilty. The order of that day recites that the court "fully heard the evidence and argument of counsel", but it also discloses that on motion of counsel for accused, imposition of any sentence was deferred and the case referred to the "probation officer of Norfolk county for a pre-sentence report * * *."

An Act of the General Assembly of 1948, known as Reorganization Provision 53-278.1, effective July 1, 1948, (now sec. 53-278.1, Code, 1950) under which pre-sentence reports are made reads as follows:

"When a person is tried upon a felony charge for which a sentence of death or confinement for a period of over ten years may be imposed and waives trial by jury as provided by law, and is adjudged guilty, either upon a plea of guilty or a plea of not guilty, the court shall, before imposing sentence, direct a probation and parole officer appointed under sec. 53-244 or a probation officer appointed under sec. 53-266, to investigate and report upon any and all facts tending to show extenuating circumstances, to the end that the court may be fully advised as to the appropriate and just sentence to be imposed. Every probation and parole officer appointed under the provisions of sec. 53-244, as well as every probation officer appointed under sec. 53-266,

shall thoroughly investigate all cases referred to him for investigation by any court and shall present his report in open court in the presence of the accused who shall be advised of the contents of the same and be given the right to cross-examine the investigating officer as to any matter contained therein and to present any additional facts bearing upon the matter which he may desire to present. The report of the investigating officer shall be filed as a part of the record in the case.''

One year after entry of the order referring the case to the probation officer, i. e., November 29, 1949, a detailed and exhaustive report consisting of about five closely typewritten pages was filed in the clerk's office. It would serve no good purpose to here set out in detail the numerous factual findings, conclusions and recitals of that report. For the question at hand, it is sufficient to say that several of its factual statements are highly condemnatory of accused and the following finding is made with reference to her education:

''Hazel attended school from the time she was six until thirteen or fourteen, and she was in the third grade when she stopped. She can neither read nor write.''

The report also recommended that accused be sentenced to ten years in the penitentiary, the maximum sentence that could be imposed for the offense charged.

No copy of the pre-sentence report was given to the accused or her counsel nor were her counsel advised that it had been filed. Yet, on the day that it was filed, i. e., November 29, 1949, accused was brought before the court and in the absence of both of her attorneys, sentenced to ten years imprisonment in the penitentiary.

The order of November 29, 1949, recites that the court ''fully heard the evidence and arguments of counsel''; yet it is conceded that counsel were not present on that day. Upon being apprised of what had transpired in their absence and without affording them an opportunity to cross-examine or question the probation officer upon the matters contained in the report, they, on December 3, 1949, (within the same term of court), moved the court to set aside the judgment and award accused a new trial.[1]

[1] The date of entry of this order met the provisions of sec. 5962a, Code of 1942, (Michie), (sec. 17-31, Code, 1950). *Bridges* v. *Commonwealth,* 190 Va. 691, 58 S. E. (2d) 8. Nor would its date of finality if subsequent to February 1, 1950, have been governed by the new rules of practice for this is a criminal case.

The order entered on December 3, 1949, discloses that counsel had not been advised as to the date that accused would be sentenced, were not present when sentence was imposed, and were not aware until after entry of judgment that the pre-sentence report had been filed.

The motion to set aside the judgment was by appropriate orders continued from time to time. On June 17, 1950, both counsel filed affidavits before the court in support of their motion which state that the recital in the order of November 30, 1948, that the court "heard evidence" on that date was erroneous, and that no evidence was heard that day. There are no counter-affidavits filed denying these statements. It thus appears from the record that as of November 29, 1949, the date when sentence was announced and judgment rendered much, if not all, of the evidence that had been received and considered by the court was that contained in the pre-sentence report, which was presented and considered in the absence of counsel.

On June 7, 1950, a final order was entered which overruled the motion to set aside the sentence and judgment and grant a new trial. Its effect was to confirm and sustain the order of November 29, 1949, which had sentenced accused to ten years in the penitentiary. To that final order, this writ of error was awarded.

Did the court err to the prejudice of accused when it (a) received and considered the pre-sentence report in the absence of counsel and failed to afford counsel an opportunity to examine the probation officer upon the report, and (b) imposed sentence and rendered judgment against accused in the absence of her counsel?

The Reorganization Provision of 1948, *supra*, did not require a report from a probation officer in this case. In fact, there is no warrant of law for ordering such an investigation and report unless the crime charged is punishable by more than ten years imprisonment in the penitentiary. However, as the procedure adopted was undertaken under authority of the statute and on motion of the accused, even though not warranted by law, if the statute had been strictly complied with, the action of the court would, at most, have been an error of which accused could not complain. It may not be amiss to say that the statute does not contemplate that the probation officer recommend what sentence should be imposed.

The facts and circumstances set out in the report appear

from this record to be the chief if not all of the evidence considered by the court in determining what sentence would be imposed upon accused on the plea of guilty. There is no indication or suggestion that accused waived the rights accorded under section 53-278.1. The record shows that she was unable to read the report and it does not appear that it was read to her or that she was advised of its contents. It is thus apparent that she was unable to avail herself of her right to cross-examine the probation officer or "to present any additional facts bearing upon the matter", if any existed, except by and through her counsel. It cannot be doubted that the offer, receipt and consideration of this material and prejudicial evidence having to do with the conduct and character of accused and thus bearing upon and affecting the quantum of punishment to be imposed constituted an important part of the trial at which she was entitled to the aid of her counsel. 23 C. J. S., "Criminal Law", sec. 980, p. 321, and 14 Am. Jur., "Criminal Law", sec. 167, p. 882. See also, *Stonebreaker* v. *Smyth*, 187 Va. 250, 46 S. E. (2d) 406, and *Cottrell* v. *Commonwealth*, 187 Va. 351, 46 S. E. (2d) 413. To act upon the report under such conditions was a denial of fundamental rights accorded by the statute and under such circumstances as to be definitely prejudicial to accused.

As the court undertook to act under the statute, it is our opinion that accused was entitled to have her counsel afforded opportunity to cross-examine the probation officer and after scrutiny of the report, "present any additional facts bearing upon the matter which" they might wish to offer. Having availed itself of the provisions of the statute, the court should have been governed by its terms.

The court's failure to accord accused the rights to which she was entitled under section 53-278.1 requires reversal of the judgment and award of a new trial. Upon the new trial, it is not likely that such sentence as is determined upon will be imposed in the absence of her counsel. Therefore, we need not decide whether or not, aside from and wholly without reference to the provisions of section 53-278.1, accused was entitled to be represented by counsel when sentence was pronounced and judgment rendered against her. There is conflict of authority upon that question. 24 C. J. S., "Criminal Law", sec. 1574, p. 78; 14 Am. Jur., "Criminal Law", sec. 167, p. 882; *Thomas* v. *Hunter*, 153

F. (2d) 834; *Batson* v. *United States,* 137 F. (2d) 288, and footnote 2; *Wilfong* v. *Johnston,* 156 F. (2d) 507.

The judgment is reversed and the case remanded for a new trial to be had not in conflict with the views herein expressed.

*Reversed and remanded.*