Richmond

TRAVIS LAMONT BASSETT

v.

COMMONWEALTH OF VIRGINIA

No. 0013-91-2

Decided February 4, 1992

COUNSEL

Alexander M. Clarke, Jr. (Richardson & Clarke, on brief), for appellant.

Robert H. Anderson, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

ELDER, J.—Pursuant to his convictions of second degree murder and use of a firearm in the commission of a felony, Travis Lamont Bassett, defendant, appeals his sentences of twenty years for the second degree murder conviction and two years for the handgun conviction. On appeal, defendant asserts that the trial court abused its discretion in ignoring evidence presented as to his age, mental capacity, and emotional problems. We disagree and affirm the judgment of the trial court.

At trial, a prosecution witness testified that, on a Richmond street on June 23, 1990, he saw defendant and two or three other individuals engage Joseph W. Watson, Jr., in a conversation "about some drugs and some money." At one point, when Watson refused to give anything to the group, defendant produced a gun. Watson turned to flee and defendant shot him in the back. A second prosecution witness testified to essentially the same scenario. Both witnesses positively identified defendant.

Following defendant's convictions, defendant moved for a continuance in order to allow for a pre-sentence evaluation and report. At the sentencing proceeding, defendant called Dr. Carolyn Campbell, a court psychologist for the Richmond Juvenile and Domestic Relations District Court. Dr. Campbell testified that the results of an evaluation she had conducted indicated that defendant was in a "low-average" intelligence range and "basically illiterate in terms of academic skills." The results further suggested that defendant suffered from a learning disability and, possibly, depression. Asked about the impact a gunshot wound sustained by defendant prior to and unrelated to this case might have had on him at the time of his evaluation, Dr. Campbell concluded, "I don't know it would have any impact."

Arguing against a maximum sentence in its closing arguments, defense counsel asked the court to consider Dr. Campbell's testimony when it sentenced defendant. The prosecutor countered that the facts of the murder demonstrated defendant's dangerousness and the need for a maximum sentence. Given an opportunity to speak, defendant denied killing decedent.

The trial court noted that "[t]he defense seems to rest today by way of mitigation, limited mental resources, which, of course, has no effect whatever on [defendant's] ability to pick up a gun and shoot somebody in the back." The court imposed maximum sentences for the two charges.

The question before this Court on appeal is whether the trial court erred in concluding that evidence proffered by defendant was insufficient to warrant a reduced sentence.

█ If a sentence imposed is within the statutory limits fixed by the legislature, the assumption is that the sentence will not be disturbed on appeal, and any contention that punishment was excessive will be "without merit." *Satterwhite v. Commonwealth*, 201 Va. 478, 483, 111 S.E.2d 820, 824 (1960). Here, the sentences imposed were within the statutory limits. Defendant nonetheless argues that, under Code §§ 19.2-299 and 16.1-272, as well as *Duncan v. Commonwealth*, 2 Va. App. 342, 343 S.E.2d 392 (1986), factors such as youth, mental status, and emotional stability are important factors to consider at the time of sentencing.

█ Code § 19.2-299 requires courts to consider the reports of probation officers. It provides in relevant part:

When a person is tried upon a felony charge and is adjudged guilty of such charge, the court may, or on the motion of the defendant shall, before imposing sentence direct a probation officer of such court to thoroughly investigate and report upon the history of the accused and all other relevant facts, to fully advise the court so the court may determine the appropriate sentence to be imposed.

This provision in no way binds courts to conclusions presented in a probation officer's report. In other words, Code § 19.2-299 does not effect a transfer of discretionary authority from the judge of the trial court to a probation officer of the court.

Defendant notes that such reports are important and cites to *Linton v. Commonwealth*, 192 Va. 437, 441, 65 S.E.2d 534, 536 (1951), which held that, because a copy of a pre-sentence report highly condemnatory of accused was not given to accused prior to her sentencing, she suffered prejudice. However, the fact that such reports are potentially important does not detract from the discretionary authority of the trial court to weigh such reports in the balance.

Defendant further argues that, in exercising its power to sentence juveniles tried as adults, a trial court may not overlook mitigating factors presented in a presentencing report. Here, the trial court imposed the maximum sentence for each of the two charges after noting that "[t]he defense seems to rest today by way of mitigation, limited mental resources, which, of course, has no effect whatever on [defendant's] ability to pick up a gun and shoot somebody in the back." There is no evidence that the trial court failed to take into consideration the mitigating evidence presented by defendant. Instead, the court noted defendant's argument for mitigation and, in the same sentence, concluded that the factors cited by defendant failed to justify overlooking defendant's ruthless behavior.

The trial court's discretionary ruling will not be disturbed here on appeal absent " 'a *clear* abuse of discretion.' " *Cantrell v. Commonwealth*, 7 Va. App. 269, 288, 373 S.E.2d 328, 338 (1988)(emphasis in original) (citation omitted). The trial court's obligation in this case was "to balance . . . competing considerations." *Id.* Reading the court's statement in the light most favorable to the Commonwealth, as we must do, *Brown v. Commonwealth*, 5 Va. App. 489, 491, 364 S.E.2d 773, 774 (1988), this Court cannot say that the trial court failed to balance the competing considerations.

Even if this Court were to read the remark by the trial court in the light most favorable to the *defendant*, and to conjecture that the remark was in effect a blanket refusal even to consider mitigating factors, defendant's appeal would fail. Under the holding in *Yarborough v. Commonwealth*, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977), this Court may not "fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied." Contrary to defendant's contention, the trial court's

remark is not, in and of itself, "the full context" simply because it represents the only point at which the court addressed the issue of mitigation. The entire presentencing hearing provides the full context in which to read the court's conclusion.

Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence. No such evidence mars this record. Instead, the record indicates that the trial court had before it adequate evidence to support a conclusion that mitigating evidence mustered by the defense did little or nothing to qualify the severity with which this defendant should be sentenced. For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Koontz, C.J., and Bray, J., concurred.