COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Lorish and Senior Judge Annunziata

RODNEY RANDOLPH THOMPSON

v.      Record No. 1161-21-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JULY 19, 2022

FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
James P. Fisher, Judge

(David W. Walls, Deputy Public Defender, on brief), for appellant.

(Jason S. Miyares, Attorney General; Rebecca M. Garcia, Assistant
Attorney General, on brief), for appellee.


The appellant, Rodney Randolph Thompson, argues that the circuit court abused its

discretion by considering an improper factor—a prior conviction he did not have—during his

sentencing for a probation violation. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). Because we conclude the circuit court simply misspoke

when it referred to Thompson's prior offense as malicious, instead of unlawful, wounding and

that this misstatement did not affect the overall sentence, we affirm the decision of the circuit

court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

The circuit court previously convicted Thompson of assault and battery of a family member and attempted unlawful wounding in 2018. Thompson was sentenced to three years of incarceration and twelve months in jail, with all but four months suspended on the condition that he successfully complete supervised probation, substance abuse treatment, an anger management course, and pay restitution. Thompson's initial term of probation was set to expire in September 2020. However, in December 2019, following a show cause hearing for Thompson's failure to pay restitution, the court revoked and resuspended his sentence to afford him additional time to pay and comply with the terms of supervision. As part of this revocation, the court extended his term of probation by six months, making the term expire in March 2021.

In January 2021, an officer from Fredericksburg Probation and Parole issued a major violation report alleging that Thompson had again violated the terms of his probation. The report asserted that Thompson had changed his residence without notifying probation and absconded after failing to complete anger management treatment. In a supplemental letter to the court, Rappahannock County Probation and Parole Officer Lori Sisson wrote that Thompson had also incurred new criminal convictions for contempt of court and driving with a revoked operator's license.

At Thompson's revocation hearing, Sisson reiterated the allegations in the major violation report and her letter supplementing it. She also testified that a probation officer had "conducted a home visit" at Thompson's "approved residence" and discovered that he had moved without permission or notice. Moreover, since July 2020, probation had lost contact with Thompson until he was arrested on the show cause capias. Conceding that he had incurred new criminal convictions

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

while on probation, Thompson testified that he never knew that he was required to complete anger management treatment. Thompson also admitted that he had moved without notifying his probation officer but argued that he believed his probation had expired.[2]

Following argument by counsel, the circuit court found that Thompson had violated the conditions of probation as alleged and proceeded to sentencing. Before imposing sentence, the court requested "a copy of [Thompson's] prior record" and confirmed that the parties had received Sisson's letter detailing Thompson's new convictions. The court found that Thompson's underlying convictions for "attempted malicious wounding" and "assault of a domestic nature" were "serious," but said his newly-incurred criminal convictions were "of the greatest concern." The court concluded that Thompson was "not amenable to probation" and, accordingly, revoked and resuspended all but two years of Thompson's previously-suspended sentence.

Thompson subsequently moved for reduction of his sentence, asserting that the circuit court had misstated his underlying conviction as "attempted malicious wounding" when it was actually for attempted unlawful wounding. The court summarily denied the motion without a hearing, concluding that "the sentence will remain unchanged." This appeal follows.

ANALYSIS

Thompson contends that the circuit court abused its discretion by considering an "inaccurate prior conviction" during sentencing. After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In

---

[2] On cross-examination, Sisson agreed that the probation officer's report stated that the supervising officer had "attempted to re-establish contact" with Thompson "to advise him that his supervision had not expired" because the "supervision date was not updated" in that officer's records to reflect the six-month extension. Sisson further agreed that this may have meant that both the probation officer and Thompson had erroneously believed that his term was over as of September 2020. Thompson has not assigned error to whether the court appropriately revoked his suspended sentences.

revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs*, 61 Va. App. at 535.

Under Code § 19.2-306(C), if the trial court finds good cause to believe that the defendant has violated the terms of suspension, the court may revoke the suspension and impose a new sentence. The court can then suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced, less any time already served, and may place the defendant upon terms and conditions or probation. Thompson does not argue that the circuit court lacked sufficient cause to revoke his suspended sentence; indeed, he conceded the violation below. Rather, he argues that the court abused its discretion by considering an improper factor—"an incorrect prior conviction during sentencing"—which Thompson asserts "result[ed] in more of [his] suspended sentence being revoked" than would otherwise have occurred.

The record does not support Thompson's assertions. Thompson concludes from the circuit court's misstatement of his underlying conviction that it improperly considered "a conviction that does not exist." But that argument overlooks the broader context of the record as a whole. "[T]his Court may not 'fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied.'" *Bassett v.*

- 4 -

*Commonwealth*, 13 Va. App. 580, 583 (1992) (quoting *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977)). Moreover, a "trial court's remark is not, in and of itself, 'the full context' simply because it represents the only point at which the court [expressly] addressed the issue [in dispute]." *Parker v. Commonwealth*, 41 Va. App. 643, 656 (2003) (quoting *Bassett*, 13 Va. App. at 583-84), *overruled in part on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004). Although the circuit court misstated Thompson's underlying conviction at sentencing, the court had requested his criminal record before imposing judgment. The court also subsequently denied his motion for reconsideration, which explicitly identified the discrepancy, holding that "the sentence will remain unchanged." Viewed in the light most favorable to the Commonwealth, those circumstances demonstrate that the circuit court was aware of Thompson's correct criminal history and simply misspoke while rendering judgment. *Cf. Nelson v. Commonwealth*, 12 Va. App. 835, 838 (1991) (concluding that the trial court "misspoke" regarding the length of the defendant's sentence and did not intend to impose a more lenient penalty).

More importantly, nothing in the record suggests that the circuit court imposed a more severe sentence because of the misstatement. To the contrary, the circuit court emphasized that Thompson's new criminal convictions while on probation were "of the greatest concern." The court also considered Thompson's history under court supervision, which included his failure to complete required treatment, and concluded that he was "not amenable" to probation. For this reason, the court imposed two active years of incarceration with no additional term of supervised probation. Accordingly, we hold that the circuit court did not abuse its discretion by considering an improper factor.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*