COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, White and Retired Judge Frank*


MICHAEL JEROME RATLIFF, SOMETIMES KNOWN AS
  MICHAEL JEROME RATLIFF, JR.

                                                    MEMORANDUM OPINION**
v.      Record No. 1400-22-4                              PER CURIAM
                                                         MAY 16, 2023
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                            Daniel S. Fiore, II, Judge

            (Adam S. Farr; Office of the Public Defender, on brief), for
            appellant.

            (Jason S. Miyares, Attorney General; Collin C. Crookenden,
            Assistant Attorney General, on brief), for appellee.


        Michael Jerome Ratliff, Jr., challenges the four-year period of active incarceration the

Circuit Court of Arlington County imposed after accepting his guilty pleas. On appeal, Ratliff

argues that the trial court erred in failing to consider his mitigating evidence or alternative

sentencing options. After examining the briefs and record in this case, the panel unanimously holds

that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a).

                                      BACKGROUND

        In April of 2022, Ratliff pleaded guilty to four counts of credit card theft, in violation of

Code § 18.2-192, and one count of vehicle tampering, in violation of Code § 18.2-146. Ratliff did

---

        * Retired Judge Frank took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

        ** This opinion is not designated for publication. *See* Code § 17.1-413.

not enter into an agreement as to sentencing, and confirmed that he understood he was facing a potential maximum sentence of 80 years and 12 months' incarceration. After accepting his pleas and finding him guilty, the trial court ordered a presentence report and specifically ordered that Ratliff undergo a substance abuse screening.

At his sentencing hearing, Ratliff provided the trial court with letters of support and requested a downward departure from the discretionary sentencing guidelines.[1] Ratliff himself spoke at length to the trial court. After reviewing the evidence presented and argument from counsel and Ratliff, the trial court noted its concern that Ratliff was unwilling to address the issues underlying his repeated crimes. The trial court then sentenced Ratliff to 4 years' incarceration on each of the credit card thefts, and 12 months' incarceration on the remaining charge. Notably, the trial court ordered Ratliff to serve all of his sentences concurrently.

Ratliff filed a motion to reconsider his sentence and attached two documents: a "letter of accountability" that he wrote and a progress update from a support worker with Hillcrest Children and Family Center. The trial court denied the motion to reconsider, remarking that Ratliff was on supervised probation at the time of these offenses, and reiterated that he appeared unwilling to address his issues. Ratliff now appeals.

## ANALYSIS

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

---

[1] The discretionary sentencing guidelines in this case called for an active sentence between one year at the low end, and two years and eight months at the high end.

Ratliff argues the trial court abused its discretion by not considering the mitigating evidence he presented. The record does not support Ratliff's claim. The trial court not only received evidence of Ratliff's mitigation, but specifically stated it had "considered everything that's been provided" and that "[f]or the record, [the trial court] considered all the mitigation evidence that was presented." The record shows that the trial court received and reviewed Ratliff's letters of support in Ratliff's presence. Accordingly, the record supports a finding that the trial court considered Ratliff's mitigating evidence. The weight the trial court gave that evidence, though, was within the court's purview. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

A trial court is not obligated to read into the record every factor considered and the weight given to each one. "Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). The record does not support Ratliff's claim that the trial court neglected to weigh his mitigation evidence when it explicitly said the opposite. "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

Ratliff argues the trial court erred in not considering alternative punishments to incarceration. But the record shows that the trial court itself suggested Ratliff be evaluated for an alternative sentencing program and Ratliff was the one who noted his preference to continue working. Ratliff claims the trial court failed to consider a correlation between his alcohol abuse and substance use disorder and the crimes he committed. However, the trial court said more than once that it considered, but rejected, Ratliff's claim of a "direct connection between [Ratliff's]

alcohol use and the crimes committed." This statement clearly indicates that the trial court evaluated the relevant evidence.

Ratliff alleges that the trial court failed to consider his diagnoses for post-traumatic stress disorder, depression, and anxiety. Ratliff conflates the absence of discussion of a factor with a failure to consider a factor. The evidence of Ratliff's mental health issues was squarely before the trial court through evidence, argument, and the pre-sentence report.

To the extent that Ratliff argues his sentence is disproportionate to his crimes and circumstances, we must reject it. This Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for 18 separate crimes).

## CONCLUSION

For the foregoing reasons, we find no abuse of discretion in the trial court's imposition of sentence and we affirm the judgment.

*Affirmed.*