COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Raphael and Callins


AARON OTIS PETERS

                                                    MEMORANDUM OPINION*
v.        Record No. 1726-22-2                      PER CURIAM
                                                    MAY 23, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Charles S. Sharp, Judge

(Brett P. Blobaum, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Rachel A. Glines, Assistant
Attorney General, on brief), for appellee.


The trial court found Aaron Otis Peters in violation of his probation, revoked his

suspended sentence, and ordered him to serve the full remaining term of his sentence.  Peters

contends that the trial court abused its discretion in sentencing him without considering his

mitigating circumstances.[1]  After examining the briefs and record, the panel unanimously holds

that oral argument is unnecessary because "the appeal is wholly without merit."  Code

§ 17.1-403(ii)(a); Rule 5A:27(a).  We affirm the judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] In his reply brief, Peters seeks leave to withdraw his argument in his opening brief that
the trial court erred by failing to credit him for time served in the detention and diversion
programs.  We grant his request and do not consider that argument.

BACKGROUND[2]

In 2007, after Peters pleaded guilty and was convicted of uttering, the trial court sentenced him to five years' imprisonment with four years suspended. The court subsequently revoked Peters's suspended sentence three times.

In 2012, the trial court found Peters in violation of his probation, revoked his suspended sentence, and ordered him to serve one year. In 2015, the court revoked Peters's suspended sentence a second time and imposed an active sentence of one year and six months. That active sentence, however, was suspended on the condition that Peters complete detention and diversion programs. And in 2017, the court again found Peters in violation of his probation, revoked the suspended sentence, and ordered him to serve one year and six months.

A major violation report dated July 15, 2022, indicated that Peters complied with probation supervision between February 2018 and November 2020 and "showed a strong desire to make the changes necessary to move forward in his life." But after November 2020, Peters was convicted of several crimes, including obstruction of justice, three offenses of driving while intoxicated, noncompliance with VASAP,[3] and driving with a suspended or revoked license.

At his revocation hearing in October 2022, Peters admitted that he had violated the terms of his probation. Peters, through counsel, requested a sentence at the low end of the sentencing guidelines—six months' incarceration. He asserted that his uncle's death had caused him to abuse alcohol again and to violate his probation. He lamented that while incarcerated, he had "missed out on a lot of things" in his children's lives. He said that he still had a job available to

---

[2] In revocation appeals, we review "[t]he evidence . . . in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013).

[3] VASAP stands for the "Virginia Alcohol Safety Action Program." *See* Code § 18.2-271.1.

him. Defense counsel also argued that a six-month sentence was appropriate because Peters had a desire for treatment and "has demonstrated in the past that he can do well when he's out and he's working, he's with his family and his children" and that he "has the skill set and the tools to know how to respond to triggers in his life such as the passing of a loved one[.]"

After hearing argument, the trial court stated that it had "considered all the reports" and Peters's criminal history. Based on Peters's extensive criminal history and repeated probation violations, the trial court told Peters that "in spite of your suggestion that you want programs and you want to try to do things all of which require following rules, [you're] incapable of doing that. I have nothing before me to suggest that you have any motivation or propensity toward rehabilitation." The trial court imposed the remaining one year and six months of his sentence. Peters noted a timely appeal.

ANALYSIS

Code § 19.2-306(C) provides that, "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1."[4] If the basis of the violation is "that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

---

[4] Code § 19.2-306(C) was amended effective July 1, 2021, and no longer requires the trial court to revoke the sentence upon finding a violation. *See* 2021 Va. Acts Spec. Sess. I ch. 538.

Peters does not contest that the trial court had cause to revoke his suspended sentence. He instead argues that the trial court abused its discretion by ignoring his mitigating circumstances when it imposed the balance of his suspended sentence. But "[b]arring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

"No such evidence mars this record." *Id.* The court wrote in its revocation order that it had considered "all the evidence in the case, and such additional facts as were presented by the Defendant." The trial court heard argument about mitigating circumstances from counsel for Peters. And the court said that it "considered all the reports," including the major violation report documenting Peters's compliance with probation from 2018 to 2020.

Peters argues that the trial court abused its discretion by saying that "nothing" before it suggested that Peters had "any motivation or propensity toward rehabilitation." But it is settled "that an appellate court must avoid 'fix[ing] upon isolated statements of the trial judge taken out of the full context in which they were made[ ] and us[ing] them as a predicate for holding the law has been misapplied.'" *Cellucci v. Commonwealth*, 77 Va. App. 36, 51 (2023) (alterations in original) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 363 n.11 (2018)). Moreover, "[a] court speaks through its written orders, and a reviewing court must read those orders in context." *Id.* (citation omitted).

The trial court heard argument from Peters and "expressly took into account" the report documenting Peters's compliance. *Id.* "[W]ithout more," the single, oral statement highlighted by Peters "simply does not demonstrate that [the court] neglected to *consider* the undisputed [mitigating] evidence." *Id.* at 50-51. Rather, reading the trial court's revocation order and statements in the light most favorable to the Commonwealth, the record lacks "clear evidence" that the "trial court purposefully ignored mitigating factors." *Bassett*, 13 Va. App. at 584.

"It is within the trial court's purview to weigh any mitigating factors presented by the defendant." *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000)).  The trial court here appears to have determined that Peters's extensive criminal history and repeated probation violations heavily outweighed the mitigating factors.

## CONCLUSION

The trial court did not abuse its discretion when it imposed the balance of Peters's previously suspended sentence.

*Affirmed.*