COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, White and Retired Judge Frank[*]

ANTONIO LAMONT BEST

                                                MEMORANDUM OPINION[**]

v.      Record No. 1804-22-3                            PER CURIAM
                                                SEPTEMBER 5, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

(Lauren Brice, Assistant Public Defender; Virginia Indigent Defense
Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; John Beamer, Assistant
Attorney General, on brief), for appellee.

After a guilty plea, the Circuit Court of the City of Danville convicted Antonio Lamont Best

of breaking and entering at night and petit larceny. The circuit court imposed a total sentence of 8

years and 12 months' incarceration with 5 years and 12 months suspended. On appeal, Best argues

that the circuit court erred by imposing a three-year sentence for his breaking and entering

conviction despite his sentencing mitigation evidence. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Therefore, we dispense with oral argument in accordance with Code

§ 17.1-403(ii)(a) and Rule 5A:27(a).

---

[*] Retired Judge Frank took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

[**] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

On September 14, 2022, Best pleaded guilty to breaking and entering at night and petit larceny, without a written agreement with the Commonwealth. Before accepting Best's pleas, the circuit court conducted a colloquy with him to ensure he was entering his pleas freely and voluntarily. During the colloquy, Best confirmed that he understood he was facing a maximum sentence of 20 years and 12 months.

The parties stipulated that the Commonwealth's evidence would show that on June 21, 2021, Laura Church and Matthew Minks returned to their home on Kimberly Avenue and found their back door kicked in. They noticed some of their property was missing, namely a Fossil wristwatch, an LG cell phone, a set of earbuds, and a folder containing personal information. Their surveillance camera captured footage of the break-in, including audio of voices calling each other by name and indicating "where to go and what to look for in the residence." Law enforcement identified Best as one of the intruders. After accepting his pleas and finding him guilty, the circuit court ordered a presentence report and continued the matter for sentencing.

At his sentencing hearing, Best provided the circuit court with relevant mitigation evidence in the form of proffered testimony and an allocution. According to Best, he suffered the loss of his mother soon after beginning his last term of incarceration, and was unable to properly mourn until after his release. He informed the circuit court that he had promised his children he would no longer get into trouble and upon his release began to take steps to ensure this. Specifically, Best sought out business partners, planned to obtain his commercial driver's license, and began treatment for his

---

[1] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

mental health conditions and trauma. Despite his efforts, Best reported that the COVID-19 pandemic negatively impacted his progress. He saw "little to no income" as his business suffered, and he began to abuse alcohol and the medications prescribed for his mental health treatment. Best informed the circuit court that he initially came to the City of Danville with good intentions, but soon found himself committing these property crimes with other drug users. He apologized to the victims of his crimes and the City of Danville and promised to pay restitution in full. Best asked the circuit court to find that he accepted responsibility and to adjust his discretionary sentencing guidelines accordingly. Ultimately, Best requested a sentence at the low end of the adjusted guidelines. The Commonwealth made no argument and submitted the matter to the circuit court.

The circuit court informed Best that it "appreciated his statement," found that Best had accepted responsibility, and made the requested adjustment to his sentencing guidelines.[2] The circuit court then sentenced Best to 8 years and 12 months' incarceration, and suspended all but 3 years.

ANALYSIS

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Id.* at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking

---

[2] The discretionary sentencing guidelines recommended an active sentence between three years and eight months and six years and seven months, with a midpoint of four years and six months. The guidelines also included a modified recommendation based on Best's acceptance of responsibility that reflected an adjusted range between one year, ten months, and two days, and six years and seven months.

into account their verbal and nonverbal communications, and placing all of it in the context of the entire case." *Id.* Best argues that the circuit court abused its broad sentencing discretion by not considering the mitigating evidence he presented, or in the alternative, that it improperly ascribed insufficient weight to the mitigating evidence. The record, however, does not support Best's argument.

In support of his claim, Best cites only the length of his sentence. But a thorough review of the record shows that the circuit court heard Best's mitigation evidence and fashioned his sentence accordingly. The circuit court ordered a parenting class as a condition of Best's suspended sentences, indicating that it heard Best's evidence about his children. The circuit court also ordered that he receive counseling for his mental health, showing that it considered Best's testimony about his mental health issues. Further, the circuit court granted Best's request to adjust the discretionary sentencing guidelines in light of his acceptance of responsibility. It was within the circuit court's purview to weigh Best's mitigating evidence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

Balanced against those mitigating circumstances, however, was the seriousness of the crime. After considering all the circumstances, the circuit court imposed the sentence it deemed appropriate. It was not required to explain its sentence or the weight it assigned to the aggravating and mitigating circumstances. "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). Thus, the record does not support Best's claim that the circuit court erred in weighing his mitigating factors.

"[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Best's sentences were within the sentencing

- 4 -

ranges set by the legislature. *See* Code §§ 18.2-10, -11, -89, and -96. Accordingly, "our task is complete." *Thomason*, 69 Va. App. at 99.

CONCLUSION

For the foregoing reasons, we find no abuse of discretion in the circuit court's imposition of sentence and affirm its judgment.

*Affirmed*.