COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Friedman and Chaney

WILLIAM EARL ALDRIDGE

v.      Record No. 1579-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 21, 2023

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Jennifer T. Stanton, Senior Appellate Attorney; Indigent Defense
Commission, on brief), for appellant.

(Jason S. Miyares, Attorney General; Rachel A. Glines, Assistant
Attorney General, on brief), for appellee.


William Aldridge appeals the trial court's judgment revoking his suspended sentence and

imposing an active sentence of incarceration for one year and six months. Aldridge argues that

the trial court abused its discretion by failing to give any weight to mitigating factors and by

assigning greater weight to factors already considered by the revocation guidelines. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In October 2019, Aldridge pleaded guilty to possession of a Schedule I or II controlled

substance under an agreed stipulation of facts. The trial court sentenced Aldridge to incarceration

for five years with four years and six months suspended, conditioned on his good behavior and

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

indeterminate supervised probation.  Aldridge finished his term of active incarceration and began supervised probation in September 2020.

In June 2022, Aldridge's probation officer filed a major violation report alleging that Aldridge had incurred five new convictions and tested positive for cocaine and fentanyl.  Aldridge's new convictions included cocaine possession, methamphetamine possession, simultaneous possession of a firearm and a Schedule I or II controlled substance, firearm possession while a protective order was in effect, and carrying a concealed weapon.[1]  On June 20, the trial court issued a capias for Aldridge's arrest on the charged probation violations.

At the revocation hearing, Aldridge did not contest that he had violated the conditions of his suspended sentence by incurring new criminal convictions and testing positive for illicit substances.  Based upon his concession, the trial court found that Aldridge had violated the conditions of his suspended sentence.

The discretionary sentencing guidelines for Aldridge's probation violations recommended a sentence of active incarceration ranging from six months to one year and six months.  Aldridge acknowledged this, but asked the trial court to impose a concurrent sentence to run with the sentences for his recent convictions.  Aldridge proffered that he was a jail trustee, a member of the paint crew, and a participant in the GED program.  He also professed a desire to reconnect with his family and return to his children, so that he could support them.  Additionally, Aldridge expressed an interest in joining the Salvation Army because he needed "that type of structure."  Aldridge argued that he was trying to address his addiction and asked the trial court to give him credit for making good use of his time while incarcerated.

---

[1] On the new criminal convictions, Aldridge was sentenced to incarceration for 21 years, with 19 years suspended.

The trial court opined that Aldridge's prior record was "not that bad," but noted that he had accumulated six felony convictions, seven misdemeanor convictions, and three probation violations. The trial court also found "problematic" Aldridge's new convictions for possessing a firearm while a protective order was in place and while he possessed methamphetamine and cocaine. The trial court noted—in addition to the charged probation violations—Aldridge had repeatedly failed to report to his probation officer and failed to comply with court-ordered substance abuse treatment. The trial court revoked Aldridge's suspended sentence, imposed a sentence of four years and six months, and resuspended three years. The trial court denied Aldridge's request that his active sentence of incarceration run concurrently with the sentences for his most recent convictions, noting that they were a completely different set of charges.[2] This appeal followed.

## STANDARD OF REVIEW

On appellate review of a trial court's revocation of a defendant's probation and suspended sentence, "[t]he evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013).

When exercising its discretionary power in sentencing, the trial court "has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Cellucci v. Commonwealth*, 77 Va. App. 36, 48 (2023) (alteration in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)).

## ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the

---

[2] The trial court told Aldridge that it hoped he would do better in the court-ordered substance abuse treatment program and hoped that he would then "be able to move back to Northern Virginia with [his] family." The trial court also stated that it had no objection to Aldridge's continued participation in any prison program because "he's shown that he can survive on that program without violating the rules."

- 3 -

period of suspension fixed by the court." Code § 19.2-306(A). Upon finding Aldridge in violation of the conditions of his probation and suspended sentence, the trial court was authorized to "revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C).

Under Code § 19.2-306.1(B), "[i]f the court finds that the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension," then "the court may revoke the suspension and *impose or resuspend any or all of that period previously suspended*." Code § 19.2-306.1(B) (emphasis added). The record demonstrates that the trial court had sufficient cause to revoke Aldridge's suspended sentence because he incurred new criminal convictions during the probation period.

Aldridge does not contest that he violated the conditions of his suspended sentence by incurring new criminal convictions and testing positive for illegal drugs. Instead, he argues that the trial court abused its discretion by failing to give any weight to his mitigating factors and by assigning greater weight to factors already considered by the revocation guidelines. Aldridge contends that the trial court "chose to ignore" his mitigating evidence and "committed a clear error in judgment."

The record does not support Aldridge's contention that the trial court failed to consider his mitigation evidence. Absent "clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977). The trial court was obligated to balance Aldridge's mitigating evidence against his non-compliance with probation. "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992); *see*

*also Cellucci*, 77 Va. App. at 52 ("[T]he trial court was not obligated to find that the evidence highlighted by the appellant actually mitigated his crime."). This Court finds that the trial court considered all of the evidence presented.

In fashioning Aldridge's sentence, the trial court had discretion in weighing any mitigating factors that he presented. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). In balancing all relevant sentencing factors, it was also within the trial court's purview to determine how much weight to assign to any factors addressed in the revocation guidelines. Because the trial court imposed a lawful sentence within the permissible sentencing range under Code § 19.2-306.1, this Court will not disturb the trial court's judgment. *See Cellucci*, 77 Va. App. at 48.

## CONCLUSION

Finding no abuse of discretion, this Court affirms the trial court's judgment.

*Affirmed*.