COURT OF APPEALS OF VIRGINIA

Present:   Judges Athey, Friedman and Raphael

COREY FLEMING, A/K/A
 COREY CONWAY FLEMING

                                                                MEMORANDUM OPINION[*]
v.        Record No. 1575-22-2                                        PER CURIAM
                                                                 FEBRUARY 27, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

(Stephen A. Mutnick; Winslow, McCurry & MacCormac, PLLC, on brief),
for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Matthew J. Beyrau, Assistant
Attorney General, on brief), for appellee.


Corey Conway Fleming appeals his conviction for felony eluding in violation of Code

§ 46.2-817. He argues that the Commonwealth failed to prove that he drove the vehicle that

eluded police. He also argues that the trial judge imposed an unduly harsh sentence by

disregarding mitigating factors. After examining the briefs and the record, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). We affirm Fleming's conviction.

BACKGROUND

On June 24, 2020, Detective J.C. Ritchie and Officer Frank Podolak were conducting

undercover surveillance of Fleming and his girlfriend at an apartment that they frequented.

Ritchie and Podolak had met the couple before. Officer Podolak had interacted with Fleming

during "multiple calls" to that apartment. And about nine months earlier, Detective Ritchie had

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

served a warrant on the girlfriend at that apartment, where he also spoke with Fleming. That warrant had charged the girlfriend with a hit-and-run violation while driving a white Hyundai.

During the June 24, 2020 surveillance, Detective Ritchie observed Fleming and his girlfriend get into a white Hyundai. Ritchie ran the Hyundai's license-plate number and confirmed that it was the same white Hyundai involved in the earlier hit-and-run incident. Fleming got into the driver's seat, and his girlfriend sat in the passenger seat. Ritchie followed the Hyundai as Officer Podolak initiated a traffic stop. When Podolak turned on his police lights, the white Hyundai stopped. Podolak exited his vehicle and approached. Podolak saw Fleming in the driver's seat "looking back through the side view [mirror]"; the window was "cracked about five or six inches."

But as Officer Podolak got within about ten feet, the Hyundai sped off and "accelerated through a red light at the intersection." Podolak got back into his cruiser and gave chase. The Hyundai veered from the left lane to the rightmost lane, "cut off a bunch of vehicles," and ran another red light. Podolak's sergeant ordered him to stop the chase.

Throughout the pursuit, Detective Ritchie was driving behind Officer's Podolak's cruiser. Ritchie testified that he saw Fleming's vehicle take off "very quickly." He said there were other cars on the road at the time. Ritchie never saw Fleming switch places with the girlfriend after getting into the driver's seat.

Fleming was ultimately apprehended and charged with felony eluding. At his bench trial, the court denied Fleming's motions to strike and found him guilty. At sentencing, the trial court noted Fleming's two prior convictions for eluding (among other convictions) and sentenced him to five years' incarceration with two years and eight months suspended. Fleming noted a timely appeal.

## ANALYSIS

### A. *Sufficiency of the Evidence*

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The relevant issue on appeal is, 'upon review of the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Lambert v. Commonwealth*, 298 Va. 510, 515 (2020) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Fleming argues that the Commonwealth failed to prove that he was driving the Hyundai. Although both Officer Podolak and Detective Richie positively identified him at trial, Fleming claims that their testimony was unreliable. He says that Officer Podolak could not have reliably seen him through the side-view mirror. And he argues that Detective Ritchie's identification was based on a "chance, short meeting" with Fleming "nine months" earlier.

In cases challenging the sufficiency of the defendant's in-court identification, our appellate courts apply the analysis set forth in *Neil v. Biggers*, 409 U.S. 188 (1972). *See, e.g.*, *Satcher v. Commonwealth*, 244 Va. 220, 248-49 (1992); *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013); *Brown v. Commonwealth*, 37 Va. App. 507, 522 (2002). *Biggers* involved a due-process challenge to a pretrial identification "involving improperly suggestive, out of court police procedures." *Walker v. Commonwealth*, ___ Va. ___, ___ (June 1, 2023), *petition for*

*cert. docketed* (U.S. Aug. 31, 2023) (No. 23-5505). *Biggers* directed courts in such cases to examine

> whether under the "totality of the circumstances" the identification was reliable even though the confrontation procedure was suggestive. . . . [T]he factors to be considered in evaluating the likelihood of misidentification include [1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation.

409 U.S. at 199-200.

This case involves a sufficiency challenge to an *in-court* identification, not a due-process challenge to an unduly suggestive *out-of-court* identification. Still, our appellate courts have consistently applied the *Biggers* factors to determine whether the totality of circumstances supported the sufficiency of the in-court identification. *E.g.*, *Cuffee*, 61 Va. App. at 364 ("The factors set forth in [*Biggers*] are used to determine 'whether the identification evidence is sufficient, standing alone or in combination with other evidence, to prove beyond a reasonable doubt' the identity of the perpetrator." (quoting *Brown*, 37 Va. App. at 522)); *Smallwood v. Commonwealth*, 14 Va. App. 527, 530 (1992) ("In determining whether eyewitness identification is reliable, our Supreme Court has adopted the factors set out in [*Biggers*] . . . .").

Here, both officers were surveilling Fleming and his girlfriend. Their degree of attention was high—so much so that Detective Ritchie checked the Hyundai's license plate to confirm that it was the same car involved in the girlfriend's hit-and-run incident. *Cf. McCary v. Commonwealth*, 228 Va. 219, 233 (1984) ("The degree of the [witness's] attention is shown by their curiosity concerning [the defendant's] actions before the crimes."). Both officers also saw Fleming get into the driver's seat of the Hyundai. And Podolak testified that, after stopping the Hyundai, he recognized Fleming's "brown eyes through the mirror."

- 4 -

Both officers were also familiar with Fleming's appearance from their prior interactions. *See Hammer v. Commonwealth*, 74 Va. App. 225, 240 (2022) (finding witness's testimony not inherently incredible in part because of his familiarity with the defendant). Both officers had encountered Fleming at the apartment complex before. And both identified Fleming in court as the driver of the white Hyundai. While the time between the incident and the trial was a little over two years, "the lapse of time alone is not sufficient to render an identification unreliable as a matter of law." *Satcher*, 244 Va. at 250; *see also McCary*, 228 Va. at 234 ("Although 15 months elapsed between the crimes and the identification testimony[,] . . . the mere passage of time is insufficient to invalidate the identification."). The lapse of time here is not great enough to offset the other circumstances supporting the reliability of Fleming's identification, particularly given that both officers knew Fleming from earlier encounters, knew that he was the person they were surveilling, and witnessed him get into the driver's seat of the Hyundai that eluded them.

In short, the evidence sufficed for a rational factfinder to conclude beyond a reasonable doubt that Fleming was the driver who eluded police.[1]

### B. Sentencing

Fleming argues that the trial court abused its sentencing discretion because it "should have given significant weight to the mitigating factors"—particularly his consistent use of controlled substances and lack of treatment.

---

[1] Fleming also argues that we should reverse his conviction because no one was endangered as he eluded police, but Fleming has defaulted that argument by not raising it below. *See* Rule 5A:18. Fleming's motion to strike at trial focused on defendant identification; he never argued the absence of endangerment. While Fleming asks that we excuse his default under Rule 5A:18's ends-of-justice exception, that narrow exception "requires proof of an error that was 'clear, substantial and material.'" *Clark v. Commonwealth*, 78 Va. App. 726, 768 (2023) (quoting *Brown v. Commonwealth*, 8 Va. App. 126, 132 (1989)). The record "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* (citing *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)). Fleming cannot meet that high bar because there was ample evidence here of endangerment. Fleming sped through two red lights after evading Officer Podolak, veering across traffic lanes and cutting off other vehicles.

We review a sentencing decision under an abuse-of-discretion standard. *Cellucci v. Commonwealth*, 77 Va. App. 36, 45 (2023) (en banc). "A trial court abuses its discretion by failing to consider a significant relevant factor, giving significant weight to an irrelevant or improper factor, committing a clear error of judgment, or making a mistake of law." *Id.* at 46 (citing *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564-65 (2016)). "Barring clear evidence to the contrary," however, we "will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Guest v. Commonwealth*, 78 Va. App. 187, 197 (2023) (quoting *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992)); *see also Cellucci*, 77 Va. App. at 52 ("[T]he trial court was not obligated to find that the evidence highlighted by the appellant actually mitigated his crime."). And when a sentence "is within the statutory limits fixed by the legislature, the assumption is that the sentence will not be disturbed on appeal." *Cellucci*, 77 Va. App. at 48 (citing *Bassett*, 13 Va. App. at 582).

We find no abuse of sentencing discretion here. The trial judge received and reviewed the presentence investigation. The sentence fell within the statutory range for felony eluding. The trial court properly considered Fleming's two prior eluding convictions, not to mention his other driving offenses and felony convictions. And we see no basis in the record to suggest that the trial judge disregarded any mitigating circumstances.

CONCLUSION

In short, we find no basis to disturb Fleming's conviction.

*Affirmed.*