COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Callins

ROBERT LOUIS MIDGETT

v.      Record No. 1791-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 8, 2023

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Matthew A. Glassman, Judge

(Kelsey Bulger, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on brief), for appellant.

(Jason S. Miyares, Attorney General; David A. Mick, Assistant
Attorney General, on brief), for appellee.


Robert Louis Midgett challenges the sentence the trial court imposed upon the revocation

of his previously suspended sentences. After examining the briefs and record, we affirm the trial

court's judgment. We unanimously hold that oral argument is unnecessary because "the appeal

is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[1]

In 2006, following his conviction for assaulting a law-enforcement officer, Midgett was

sentenced to five years' incarceration with three years and six months suspended. Midgett's

supervised probation began in January 2009. In August 2012, Midgett's probation officer

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] "On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)).

alleged that Midgett had violated the terms of his supervised probation by failing to maintain regular employment, failing to report as directed, and testing positive for cocaine. The officer later amended the major violation report ("MVR"), adding that Midgett had been convicted for misdemeanor destruction of property and indicted for three felonies: statutory burglary, possession of burglary tools, and larceny with the intent to sell or distribute. Midgett pleaded guilty to all three felonies. By final orders entered March 14, 2013, the trial court sentenced Midgett to 20 years' incarceration with 17 years and 11 months suspended. The trial court also revoked and resuspended Midgett's remaining sentence of three years and six months for the 2006 conviction.

Midgett's supervision resumed in May 2017. In July 2017, his probation officer filed an MVR alleging that Midgett had violated the terms of his supervised probation by failing to attend substance-abuse support meetings, leaving his community residential program without permission, and using alcohol and cocaine several times. By orders entered November 2, 2017 and January 17, 2018, the trial court revoked and resuspended all of Midgett's previously suspended sentences.

In January 2022, Midgett's probation officer filed another MVR alleging that Midgett had once again violated the terms of his supervised probation. Midgett had pleaded guilty to possession of cocaine, object sexual penetration by force, and strangulation and had received a sentence of 40 years' incarceration with 19 years suspended. He had also been separately convicted for trespass, misdemeanor destruction of property, and driving without a license.

At his revocation hearing, Midgett admitted to the probation violations, and the trial court revoked his remaining suspended sentences on the 2006 and 2013 convictions. The discretionary sentencing guidelines for the probation violations ranged from one year and three months to four years. The Commonwealth asked the trial court to impose the entire 20 years and 17 months of

outstanding time, noting that Midgett had committed a "very nasty" sexual offense. When the trial court asked if the sexual offense was a "forcible rape," the Commonwealth described the offense as "object [sexual] penetration by penis," a "companion" to the strangulation offense, and a "forcible sexual assault."

Midgett asked the trial court to impose a sentence within the guidelines range. He noted that the victim of the object sexual penetration was his "girlfriend," rather than "a stranger." And "he was not on his meds around the time of the incident." He also asked the trial court to consider the length of his sentences, including a 15-year sentence on one charge. Midgett apologized to the trial court, admitted to "mak[ing] some mistakes," and asked for leniency. He expressed his desire to "get back out there and get back in the ministry and get back with [his] life going the way it should be going."

The trial court stated that Midgett "could have avoided any further incarceration if [he had] obeyed the conditions that the [trial c]ourt had put on" him. The court said it had "no reason to believe that [Midgett] would comply with any conditions of probation" if it resuspended any portion of the remaining sentences. It imposed the remaining 20 years and 17 months of Midgett's suspended sentences and explained that it was "deviating from the [discretionary sentencing] guidelines" because it was a "third violation" that contained new convictions, one of which was "a violent sexual assault."

Midgett timely moved to suspend and modify the revocation sentences. He sought to clarify that he had not been "convicted of rape nor [had] he used his penis as an instrumentality" in the object-sexual-penetration offense. At the motion hearing, the trial court stated that in imposing Midgett's sentence, it considered that Midgett was before the court on a third probation violation arising from a "violent sexual assault." It noted that Midgett "digitally penetrated the victim," which was still "a violent sexual assault based on the facts" of the offense. The trial

- 3 -

court denied the motion to modify but thanked Midgett "for clarifying the record." Midgett appeals.

ANALYSIS

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). This Court will find an abuse of discretion only when "reasonable jurists could not differ." *Hicks v. Commonwealth*, 71 Va. App. 255, 275 (2019).

Having found that Midgett violated the terms of his supervised probation, the trial court could revoke his suspended sentences and "impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). And under Code § 19.2-306.1(B), the trial court was authorized to "impose or resuspend any or all of" the previously suspended sentences.

Midgett argues that the trial court abused its discretion by improperly emphasizing that this was Midgett's third probation violation. He notes that while this was his third violation on the 2006 suspended sentence, it was his second violation on the 2013 sentences. He also argues that the trial court failed to give appropriate weight to his mitigating evidence.

We find no abuse of discretion. As Midgett acknowledges, the trial court correctly stated that this was Midgett's third violation on the 2006 conviction. That it was only the second violation on the 2013 suspended sentences does not render the trial court's reasoning improper, given Midgett's repeated failures to abide by the requirements of supervised probation. And the trial court considered other factors as well, including the undisputed fact that Midgett committed a violent sexual assault.

Nor does the record support Midgett's contention that the trial court erred by "fail[ing] to attach any weight to Midgett's mitigation evidence." It was within the trial court's purview to

- 4 -

weigh any mitigating factors Midgett presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). And "[b]arring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). The trial court heard Midgett's mitigating evidence. When Midgett asked for leniency, the court responded that it had no information before it "to believe that [Midgett] would comply with any conditions of probation."

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Midgett's reoffending after having received multiple acts of grace supports the trial court's conclusion that another such act of grace was unwarranted. *See, e.g.*, *Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2009) (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

Given Midgett's repeated probation violations, including a violent sexual assault, we cannot say that the trial court abused its discretion when it revoked the remainder of Midgett's previously suspended sentences.

*Affirmed.*