Tuesday        18th

August, 1998.


James L. Terry,                                          Appellant,

 against        Record No. 1480-97-2
                Circuit Court No. CR96-382-00

Commonwealth of Virginia,                                Appellee.


Upon a Petition for Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Coleman, Willis,
Elder, Bray, Annunziata, Overton, Bumgardner and Senior Judge Baker*


On July 14, 1998 came the appellee, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on June 30, 1998, and grant a rehearing en banc thereof.

On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on June 30, 1998 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellee shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.

_____

       *Judge Baker participated in the decision of this petition for rehearing en banc prior to the effective date of his retirement on July 31, 1998 and thereafter by his designation as senior judge pursuant to Code § 17-116.01.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Present:  Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia


JAMES L. TERRY
                                        OPINION BY
v.  Record No. 1480-97-2      JUDGE JAMES W. BENTON, JR.
                                      JUNE 30, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF HALIFAX COUNTY
               Charles L. McCormick, III, Judge

          Steven B. Novey, Assistant Public Defender
          (Office of the Public Defender, on brief),
          for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.



     James L. Terry pleaded guilty to one count of felony carnal

knowledge of a child.  See Code § 18.2-63.  The trial judge

imposed a ten-year sentence, suspending eight years.  Terry

appeals the sentence imposed by the trial judge and contends the

admission of certain evidence at the sentencing hearing violated

his Sixth Amendment right to counsel.  For the reasons that

follow, we reverse and remand for resentencing.

                              I.

     On August 23, 1996, Terry was arrested and charged with a

single count of carnal knowledge of a child.  Three days later,

at the arraignment, the Public Defender was appointed to

represent Terry.  A month after Terry's arrest and arraignment, a

county social services worker and two police investigators

initiated contact with Terry at the county jail without the

presence, consent, or notification of Terry's counsel.  The social worker testified that they went to the jail to "let [Terry] know . . . that there's an investigative child protection services investigation going on" concerning the child and to give him "a pamphlet and everything."  According to the social worker, Terry volunteered incriminating information about his contact with the child.

The Commonwealth later indicted Terry for the offense of carnal knowledge of the child, the felony for which he was arrested on August 23, and also indicted Terry on four new felony counts – object sexual penetration, rape, cunnilingus, and fellatio.  All the indictments charged that Terry committed offenses against the same child who was the subject of the initial carnal knowledge charge.  Alleging that his Sixth Amendment right to counsel had been violated, Terry filed a motion to suppress the statements made in jail to the social worker and the police officers.  Before the trial judge ruled on Terry's motion to suppress his statements, the trial judge held an evidentiary hearing pursuant to Code § 18.2–67.7(C) (the rape shield law).  At the hearing, the child denied the occurrence of the events which were the basis for the four additional charges.  Following the hearing, the Commonwealth nol prossed the additional four charges.  Terry pleaded guilty to the original charge of carnal knowledge.

At the sentencing hearing on the charge of carnal knowledge,

the Commonwealth's attorney called as a witness the social worker. When the social worker began to testify concerning the statements Terry made to her in the jail, Terry's counsel objected to the evidence as irrelevant to the current charge and having been obtained in violation of Terry's Sixth Amendment right to counsel. The Commonwealth argued that the evidence had not been suppressed because the trial judge had not ruled on Terry's initial motion to suppress. The Commonwealth also argued that the exclusionary rule does not apply to sentencing hearings. The trial judge allowed the testimony.

The social worker testified that she and two police officers initiated the contact with Terry in jail. She testified that Terry made statements, including the following:

> He told me that he had had sex, including oral sex, with the juvenile that's involved in this case . . . . He told me that it had been several times. The oral sex was basically performed on him by her. And this happened a majority of the time when her mom was at work or either she didn't go to school.

The child also testified at the sentencing hearing. She said that when she was thirteen she initiated the one sexual encounter for which Terry had pleaded guilty. She denied having any other sexual encounters with Terry.

Relying on Terry's prior record and Terry's statements to the social worker and the police officers, the Commonwealth's attorney argued, "[w]hether he raped her or did these other offenses, at a minimum, he's still fantasizing about her. . . .

- 5 -

He needs some serious prison time to learn to think about what he's doing to children." Departing from the voluntary sentencing guidelines, which suggested a sentence of three to six months incarceration, the trial judge imposed a sentence of ten years, suspending eight. On the disposition order, the trial judge listed the "serious nature of [the] offense and chance of future contact with victim upon early release" as his reasons for departure from the voluntary sentencing guidelines.

## II.

Relying upon Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969), the Commonwealth contends Terry waived his right to appeal his sentence by pleading guilty to the charge. In King, the Supreme Court responded as follows to the assertion that a defendant could appeal his conviction after a guilty plea:

> [A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court. Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal. To take any other view would give recognition to an empty right and permit frivolous appeals for the mere sake of delay.

Id. at 196-97, 169 S.E.2d at 571.

That ruling is not dispositive of the issue raised in this appeal. While a defendant who pleads guilty "'may not thereafter raise independent claims relating to the deprivation of

constitutional rights that occurred prior to the entry of the guilty plea,'" Beaver v. Commonwealth, 232 Va. 521, 526-27, 352 S.E.2d 342, 345 (1987) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)) (emphasis added), it does not follow that a defendant who pleads guilty waives his or her right to challenge violations of constitutional rights that occur at a sentencing hearing after the defendant's entry of the guilty plea. A defendant does not, by his or her guilty plea, prospectively waive the right to object to violations of constitutional rights that occur at the sentencing hearing. See United States v. Jacobson, 15 F.3d 19, 23 (2d Cir. 1994).

The principle is well established that "a plea [of guilty] marks the end of one chapter in the progress of a defendant's case, and, simultaneously, begins a new chapter. Thus, an unconditional guilty plea insulates virtually all earlier rulings in the case from appellate review." United States v. Cordero, 42 F.3d 697, 698 (1st Cir. 1994). However, "a defendant's unconditional guilty plea does not automatically waive the right to appeal matters incident to sentencing as opposed to guilt." Id. at 699. See also State v. Heatwole, 423 S.E.2d 735, 737 (N.C. 1992). "[A] defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the [trial judge]." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The general waiver of appeal rights flowing from a plea of guilty does not bar the right to appeal violations

of a Sixth Amendment right to counsel that occur at a sentencing hearing.  See United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994).

Applying the principle that a trial judge is required to reject a guilty plea if it is not "intelligently, voluntarily and knowingly made," Graham v. Commonwealth, 11 Va. App. 133, 134, 397 S.E.2d 270, 273-74 (1990), we believe it is equally obvious that a defendant cannot knowingly, intelligently, and voluntarily waive a right when it is not clear what rights will be implicated.  See United States v. Melancon, 972 F.2d 566, 571 (5th Cir. 1992) (Parker, J., concurring) ("A defendant can never 'knowingly and intelligently waive, as part of a plea agreement, the right to appeal a sentence that has yet to be imposed at the time he or she enters into the plea agreement; such a 'waiver' is inherently uninformed and unintelligent."); United States v. Schmidt, 47 F.3d 188, 190 (7th Cir. 1995) ("[d]espite a valid waiver of the right to appeal, a defendant could appeal his sentence if the trial court relied on a constitutionally impermissible factor"); United States v. Raynor, ___ F.Supp. ___ (D.C. 1997) ("defendant cannot knowingly, intelligently and voluntarily give up the right to appeal a sentence that has not yet been imposed and about which the defendant has no knowledge as to what will occur at the time of sentencing").

In Virginia, both the Supreme Court and this Court have considered the appeals of sentences of defendants who have

pleaded guilty to the underlying offenses.  See, e.g., Linton v. Commonwealth, 192 Va. 437, 65 S.E.2d 534 (1951) (although defendant pleaded guilty to perjury, Court on appeal considered whether defendant's right to counsel was violated when defendant was sentenced without notice to her counsel and without affording counsel opportunity to cross-examine probation officer who completed presentence report or to present additional facts bearing on sentencing); Harris v. Commonwealth, 26 Va. App. 794, 497 S.E.2d 165 (1988) (although defendant pleaded guilty to charge of possession with intent to distribute, Court on appeal considered defendant's argument that trial judge violated defendant's due process rights by admitting certain evidence at sentencing hearing).  See also Nichols v. United States, 511 U.S. 738 (1994) (although defendant pleaded guilty to federal felony drug charges, Court considered defendant's claim that his right to counsel had been violated by trial judge's consideration of certain evidence at sentencing).

Terry contends his Sixth Amendment right to counsel was violated when the judge admitted evidence obtained in violation of the requirement that counsel must be present during a confrontation between an accused and a state agent.  See Maine v. Moulton, 474 U.S. 159, 168-69 (1985).  This alleged constitutional violation occurred at the sentencing hearing.  See Satterwhite v. Texas, 486 U.S. 249, 255-56 (1988) (holding that use of illegally obtained evidence at defendant's sentencing

hearing violated Sixth Amendment).  Therefore, we hold that when Terry pleaded guilty, he did not waive his right to challenge a violation of his constitutional rights which occurred at the sentencing hearing.

                                    III.

     The Constitution provides that "[i]n all criminal

prosecutions, the accused shall enjoy the right . . . to have the

Assistance of Counsel for his defense."  U.S. Const. Amend. VI.

               The right to the assistance of counsel guaranteed
               by the Sixth and Fourteenth Amendments is
               indispensable to the fair administration of our
               adversarial system of criminal justice.  Embodying
               a "realistic recognition of the obvious truth that
               the average defendant does not have the
               professional legal skill to protect himself," the
               right to counsel safeguards the other rights
               deemed essential for the fair prosecution of a
               criminal proceeding.

Moulton, 474 U.S. at 168-69 (1985) (citation omitted).  The

principle is well established that "[t]he Sixth Amendment

guarantees the accused, at least after the initiation of formal

charges, the right to rely on counsel as a 'medium' between him

and the [Commonwealth]."  Id. at 176.  Thus, the state violates

the defendant's Sixth Amendment rights "when the State obtains

incriminating statements by knowingly circumventing the accused's

right to have counsel present in a confrontation between the

accused and a state agent."  Id.

     Evidence obtained in violation of the defendant's Sixth

Amendment right to counsel is inadmissible in a sentencing

proceeding for a charge to which the right to counsel has

attached.  See Powell v. Texas, 492 U.S. 680, 686

(1989); Satterwhite, 486 U.S. at 255-56.  In Powell and

Satterwhite, the Court held that because defense counsel had not

been given notice that a psychiatric evaluation of the defendant

                                  - 11 -

would encompass the issue of future dangerousness, the admission of the psychiatrist's testimony at the sentencing proceeding violated the defendant's Sixth Amendment right to counsel. "Because the evidence of future dangerousness was taken in deprivation of the [defendant's] right to the assistance of counsel," the Court held that the admission of the evidence at the sentencing proceeding violated the Sixth Amendment. Powell, 492 U.S. at 686. See also Satterwhite, 486 U.S. at 255-56 (holding that "the use of [the psychiatrist's] testimony at the . . . sentencing proceeding . . . violated the Sixth Amendment").

In this case, the social worker and the officers initiated contact with Terry at the jail and questioned him about his contacts with the child. At the time of this interview, Terry's Sixth Amendment right to counsel had attached and had been invoked with respect to the pending charge of felony carnal knowledge. This interview took place outside the presence of Terry's counsel, without counsel's knowledge or consent. Therefore, any evidence obtained at that interview that would in any way incriminate Terry on the charge of felony carnal knowledge, for which he had invoked his right to counsel, could not be used in a proceeding against him. "Because the evidence . . . was taken in deprivation of [Terry's] right to the assistance of counsel," Powell, 492 U.S. at 686, we hold that the admission of the evidence at the sentencing proceeding violated the Sixth Amendment.

- 12 -

IV.

"A federal constitutional error is harmless, and thus excusable, only if it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" Quinn v. Commonwealth, 25 Va. App. 702, 719, 492 S.E.2d 470, 479 (1997) (quoting Chapman v. California, 386 U.S. 18, 24 (1967)). See also Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991). Applying this standard, we have ruled that "[t]he admission of evidence obtained in violation of the federal constitution is reversible error if 'there is a reasonable possibility that the evidence complained of might have contributed to the [sentence].'" Quinn, 25 Va. App. at 719, 492 S.E.2d at 479 (quoting Fahy v. Connecticut, 375 U.S. 85, 86-87 (1963)).

Testifying regarding Terry's statements, the social worker supplied evidence that Terry had had several ongoing sexual encounters with the victim. This testimony was presented to demonstrate to the sentencing judge that the one count of carnal knowledge to which Terry pleaded guilty was not an isolated incident. Relying on the social worker's testimony, the prosecutor argued that Terry had engaged in ongoing sexual contact with the child, or had at least fantasized about similar contact, and should be kept in jail to prevent the child and other children from being exposed to Terry.

Without the statements attributed to Terry, the only

- 13 -

evidence before the trial judge to consider for sentencing purposes was Terry's record of prior misdemeanor convictions, the child's testimony denying any other sexual encounters except for the one charged, and the testimony of the victim's mother that Terry could return to her residence upon being released from jail. The evidence obtained in violation of Terry's right to counsel tended to prove a pattern of abuse and provided a foundation for the trial judge's substantial upward deviation from the voluntary sentencing guidelines. Accordingly, we find a reasonable possibility that the unlawfully gained testimony contributed to Terry's sentence. Thus, we cannot conclude that the admission of the social worker's testimony at the sentencing hearing was harmless beyond a reasonable doubt.

For the foregoing reasons, we reverse the decision of the trial judge and remand for resentencing in accordance with this opinion.

Reversed and remanded.