UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Athey and Senior Judge Petty

ROGER LEE HENDERSON, JR.

                                                    MEMORANDUM OPINION[*]

v.       Record No. 0505-24-3                                   PER CURIAM
                                                        FEBRUARY 11, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Christopher B. Russell, Judge

(James V. Doss, III, on brief), for appellant.

(Jason S. Miyares, Attorney General; Sandra M. Workman, Assistant
Attorney General, on brief), for appellee.

On November 15, 2023, the Circuit Court of Rockbridge County ("trial court") convicted

Roger Lee Henderson, Jr. ("Henderson") of felony eluding, carjacking, and grand larceny following

his guilty pleas. On appeal, Henderson asserts that the trial court erred: 1) by accepting his guilty

pleas, which he alleges were not made freely and voluntarily, 2) by abusing its discretion when

allowing defense counsel to withdraw "without giving notice of intention to plead not guilty by

reason of insanity," and 3) by abusing its discretion in sentencing him to incarceration with the

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Department of Corrections rather than committing him to the Virginia Department of Behavioral Health.[1] Finding no error, we affirm the trial court's judgment.[2]

## I. BACKGROUND[3]

On June 22, 2022, Henderson was driving in a stolen truck when he crashed in the median of Interstate 81. Tom Hay ("Hay") drove by the accident with his two children riding in his car. Hay slowed down and rolled down his window as Henderson approached. Henderson suddenly reached through the open window and opened the driver's side door. Henderson then grabbed Hay's shirt and pulled him from the vehicle. Hay advised Henderson that the two children were in the vehicle, whereupon Henderson ordered the children to exit before driving off in the vehicle.

A Virginia State Trooper who was near the scene of the carjacking received a report of the incident. The trooper then proceeded to set up surveillance at a location on Interstate 81 likely to permit apprehension of Henderson. When the trooper identified Henderson, who was driving by the surveillance location in Hay's vehicle, he pursued Henderson on Interstate 81. During the ensuing hot pursuit of the vehicle, Henderson accelerated to 105 miles per hour, attempted to exit Interstate

---

[1] To the extent Henderson also argues that he received ineffective assistance of counsel, we do not consider those arguments. "Claims of ineffective assistance are not cognizable on direct appeal, and therefore, we cannot address appellant's claim in this regard." *Vay v. Commonwealth*, 67 Va. App. 236, 260 (2017); *see also* 1990 Va. Acts ch. 74 (repealing Code § 19.2-317.1).

[2] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

[3] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Id.* (quoting *Gerald*, 295 Va. at 473).

The record in this case was partially sealed. Hence, we unseal only the information contained in this opinion as necessary to address the issues the parties have raised. The rest of the record remains sealed. *See Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 283 n.1 (2022).

81, and crashed into an embankment, suffering serious injuries. Law enforcement subsequently apprehended Henderson and transported him to a local hospital for treatment.

Henderson was subsequently charged with felony eluding, carjacking, grand larceny, and reckless driving. When Henderson appeared before the Rockbridge County General District Court ("district court"), he moved for a psychological evaluation to determine both his competency to stand trial and to determine his sanity at the time of the offenses. The district court then ordered the evaluations under Code § 19.2-169.5(E) and further ordered that the resulting psychological evaluation report be provided solely to defense counsel.[4] After the competency evaluation and corresponding reports were completed, the district court found sufficient probable cause to certify the various charges to the grand jury.

In May of 2023, Henderson moved for an ex parte hearing on his motion for the appointment of a mental health expert to again evaluate his competency. Following a hearing, the trial court granted the motion and appointed a mental health professional to re-evaluate Henderson.

In August of 2023, Henderson's then-counsel moved to withdraw from representing Henderson on the charges "because of a serious disagreement" about the course of the representation. Henderson agreed with his counsel's decision to withdraw, stating that he "did not think it was a good idea" for the representation to continue. During a subsequent appearance at a hearing before the trial court, Henderson echoed this prior sentiment, stating that he and his attorney were "just not . . . in synch with one another." Following these hearings, the trial court granted the motion and appointed Henderson new counsel.

In November of 2023, Henderson pleaded guilty to the pending felony charges including eluding, carjacking, and grand larceny of a motor vehicle.[5] Before accepting Henderson's guilty

---

[4] This report is not in the record before this Court.

[5] The Commonwealth nolle prossed the reckless driving charge.

- 3 -

pleas, the trial court conducted a thorough plea colloquy, during which Henderson acknowledged that nothing interfered with his ability to understand the court's questions. Henderson also stated that he understood the charges against him, had discussed them with his attorney, and that he was pleading guilty freely and voluntarily. He agreed that he was pleading guilty because he was "in fact, guilty of the crimes charged against" him. He stated that he understood the court could impose up to the maximum sentence for each charge. He also said that he was satisfied with the services of his attorney. He further acknowledged that he understood that by pleading guilty he waived his right to appeal the trial court's decision. Following the extensive colloquy, the trial court accepted Henderson's guilty pleas, finding that the pleas were made freely, voluntarily, and intelligently. The court then convicted Henderson on all three felony charges and ordered a presentence investigation report along with an evaluation for participation in the Community Corrections Alternative Program ("CCAP"). Henderson had requested placement in CCAP as a part of his sentence as he acknowledged that that he needed assistance to overcome addiction, seeking attention from "a therapeutic community so he has some meaning[ful] opportunity for treatment." But based on the evidence in the record and after considering a "risk and needs assessment, along with a review of the medical, mental health, criminal history, criminogenic risk, and all sentencing outcomes received," Henderson was found ineligible for placement in CCAP.

On March 5, 2024, the trial court conducted Henderson's sentencing hearing. During the sentencing hearing, the Commonwealth introduced in evidence the presentence investigation report, a victim impact statement, and the sentencing guidelines. Henderson informed the trial court that he was remorseful and "ready for an active sentence." His counsel further explained that Henderson suffers from mental health issues and was not taking his medication on the date of the incident. During allocution, Henderson stated that he "would like to get some help," but that he understood "if [he] ha[d] to do some time for this" and wanted to "follow through with the programs at the jail."

- 4 -

The trial court found that Henderson had engaged in a dangerous activity and that he "could have killed any number of innocent people that day." The trial court then sentenced Henderson to an active six-year term of incarceration. Henderson appealed.

## II. ANALYSIS

### A. *Standard of Review*

"Motions for counsel to be permitted to withdraw . . . are addressed to the sound discretion of the trial court." *Spence v. Commonwealth*, 60 Va. App. 355, 369 (2012) (quoting *Payne v. Commonwealth*, 233 Va. 460, 473 (1987)). Determining the sentence "lies within the sound discretion of the trial court. A sentencing decision will not be reversed unless the trial court abused its discretion." *Garibaldi v. Commonwealth*, 71 Va. App. 64, 67 (2019) (quoting *Martin v. Commonwealth*, 274 Va. 733, 735 (2007)).

### B. *Henderson's challenge to the validity of his plea agreement is waived under Rule 5A:18.*

Henderson first contends that the trial court abused its discretion by accepting his "'open' pleas of guilty and not ordering further evaluation of [his] sanity" so that he and substitute counsel would have the "opportunity to plead not guilty by reason of insanity." However, since Henderson failed to raise this contention below, we find that this assignment of error is waived.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). If a party fails to

timely and specifically object, he waives his argument on appeal. *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009).

Here, Henderson asserts that the trial court abused its discretion by accepting his "'open' pleas of guilty" and by not granting him further psychological evaluation because it deprived him and his subsequently appointed counsel of being able to determine his sanity for purposes of "plead[ing] not guilty by reason of insanity." However, the record fails to support Henderson's contention. The district court ordered a competency evaluation and sanity examination; the sanity report was provided to his then-counsel. In addition, the trial court appointed a mental health expert. Henderson did not request a second sanity examination before the trial court and did not suggest a desire to plead not guilty by reason of insanity. Instead, Henderson freely and voluntarily pleaded guilty to all three felony charges.

Henderson also never moved to withdraw his guilty pleas and does not assert on appeal that his pleas were involuntary or not freely made. He also does not invoke the good cause or ends of justice exceptions to Rule 5A:18, and the Court will not apply the exceptions sua sponte. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc). Thus, his argument is waived. Rule 5A:18.

C. *Henderson's guilty pleas waived his contention that the trial court erred in granting his previous counsel's motion to withdraw as the issue is not jurisdictional.*

Next, Henderson assigns error to the trial court's decision to grant his previous counsel's motion to withdraw from the representation because "she had full knowledge of Appellant's mental state at the time of trial and at the time of the offense and [had] not give[n] notice of an insanity defense" before withdrawing from representation. As this asserted error is not jurisdictional, we find it waived under his unconditional plea agreement.

In Virginia, the bright-line rule is that "[w]hen a defendant unconditionally pleads guilty, the plea 'constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and

cures all antecedent constitutional defects.'" *Guest v. Commonwealth*, 78 Va. App. 187, 196 (2023) (quoting *Delp v. Commonwealth*, 72 Va. App. 227, 235 (2020)). "Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Howard v. Commonwealth*, 74 Va. App. 739, 750 (2022) (quoting *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018)). "In order to 'adjudicate a particular case upon the merits,' a court must have active jurisdiction." *Id.* (quoting *Riddick v. Commonwealth*, 72 Va. App. 132, 142 (2020)). And "[a]ctive jurisdiction includes 'subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies.'" *Id.* at 751 (quoting *Pure Presbyterian*, 296 Va. at 49). It also includes "territorial jurisdiction, that is, authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party . . . ; and 'the other conditions of fact must exist which are demanded . . . as the prerequisites of the authority of the court to proceed to judgment or decree.'" *Id.* (second alteration in original) (quoting *Pure Presbyterian*, 296 Va. at 49).

Here, Henderson's unconditional guilty pleas waived his right to appeal the grant of his counsel's motion to withdraw and the motion to withdraw by itself simply fails to raise a jurisdictional issue that would permit this Court's review. Moreover, his previous counsel's withdrawal from representing him did not affect the court's subject matter jurisdiction concerning the felony charges, nor did it affect the trial court's territorial or notice jurisdiction. As a result, Henderson's assignment of error fails to assert a "jurisdictional defect" and we must consider it waived. *Savino v. Commonwealth*, 239 Va. 534, 539 (1990) (quoting *Peyton v. King*, 210 Va. 194, 197 (1969)).

D. *The trial court did not abuse its discretion in sentencing Henderson.*[6]

Finally, Henderson asserts that the trial court abused its discretion in crafting his sentence. He contends that the trial court should have committed him to the Virginia Department of Behavioral Health or to a privately run mental health treatment facility instead of sentencing him to active incarceration. We disagree.

"Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016). "Because this task is so difficult, it must rest heavily on the judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Consequently, "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Id.* at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

Here, Henderson did not request a commitment to the Department of Behavioral Health or a private facility. At the sentencing hearing, Henderson, by counsel, proffered that "he accept[ed] responsibility and [was] ready for an active sentence." He emphasized his mental health problems, his employment, and family responsibilities. While acknowledging his criminal record, he stressed his desire for help and asked that his sentence include that he report to "a therapeutic community so he has some meaning[ful] opportunity for treatment." The Commonwealth disagreed with Henderson's requested relief and instead asked the trial court to sentence Henderson to six years' incarceration, a figure below the low end of the sentencing

---

[6] Henderson's appeal waiver does not impact issues related to his sentencing. *Terry v. Commonwealth*, 27 Va. App. 664, 669 (1998) ("[A] defendant's unconditional guilty plea does not automatically waive the right to appeal matters incident to sentencing as opposed to guilt." (quoting *United States v. Cordero*, 42 F.3d 697, 699 (1st Cir. 1994)).

guidelines. The Commonwealth stressed Henderson's extensive criminal history and "the nature and circumstances of this case." And it was noted that Henderson was determined to be ineligible for CCAP as well.

The record demonstrates that, in the end, the trial court agreed with the Commonwealth's position. Further, the trial court emphasized the violent and dangerous nature of Henderson's actions and noted his criminal history. The court appreciated Henderson's acceptance of responsibility and the strides he made while in jail to overcome his addictions and address his mental health issues. But, in imposing the active sentence that Henderson had agreed to, the trial court stressed that Henderson "could have killed any number of innocent people that day" and found that Henderson was a danger to society before making its determination. And the record shows that the trial court considered Henderson's mitigating evidence. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000) (holding that the weight to give any mitigating factors rests with the trial court). Each of Henderson's sentences are within the statutory ranges set by the legislature. *See* Code §§ 18.2-10, 18.2-58.1, 18.2-95(ii), 46.2-817(B). Accordingly, the trial court did not abuse its discretion in sentencing Henderson.

### III. CONCLUSION

Accordingly, we find no error. Therefore, we affirm the trial court's judgment.

*Affirmed.*